IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER ROMERO PAYNE, ) | |
|      Petitioner, ) | |
| ) | |
| v. ) | No. 3:16-CV-959-O |
| ) | |
| LORIE DAVIS, Director, TDCJ-CID, ) | |
|      Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for aggravated robbery with a deadly weapon. *State of Texas v. Christopher Romero Payne*, No. F-0473967-I (Crim. Dist. Ct. No. 2, Dallas, Tex., Feb. 27, 2007). On February 27, 2007, Petitioner was placed on deferred adjudication probation. Petitioner did not appeal. The State later filed a motion to adjudicate guilt, and on January 28, 2010, the court proceeded with adjudication and sentenced Petitioner to forty years in prison. On October 25, 2010, the Fifth District Court of Appeals affirmed. *Payne v. State*, No. 05-10-00215-CR, 2010 WL 4159832 (Tex. App. – Dallas, 2010). The Court of Criminal Appeals granted Petitioner an extension of time to file a petition for discretionary review (PDR), but

Petitioner did not file a PDR.

On May 22, 2012, Petitioner filed state applications for writ of habeas corpus challenging each conviction. *Ex parte Payne*, No. 82,111-01. On October 8, 2014, the Court of Criminal Appeals dismissed the petition as noncompliant.

On April 1, 2016, Petitioner filed this federal petition pursuant to 28 U.S.C. § 2254. He argues:

1. He was deprived of a neutral and unbiased judge during his revocation hearing in violation of due process;

2. He was denied effective assistance of counsel during his revocation hearing when his attorney:

    a. failed to object to the admission of unadjudicated charges;

    b. failed to investigate and question witnesses;

    c. failed to present an adversarial defense;

    d. convinced him to enter a plea of 'true' and that he would receive a ten year sentence;

    e. led him to believe that it was not a problem when the judge at the revocation hearing was the same judge presiding at his initial probation hearing;

    f. the prosecutor and his attorney joined in a concerted effort to convince him not to 'rock the boat' so that he would receive a ten year sentence;

3. He was denied a hearing in front of a neutral and detached judge which resulted in a harsher sentence and a violation of procedural statutes.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -2-

  4.  He received ineffective assistance of counsel on appeal when his attorney met with him only briefly and submitted only a boiler plate brief.

On June 9, 2016, Respondent filed her answer arguing, *inter alia*, that the petition is time-barred. Petitioner did not file a reply. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

Petitioner does not challenge his placement on deferred adjudication probation. Instead, he attacks only the revocation of his probation. The Court of Criminal Appeals granted Petitioner until January 24, 2011, to file a PDR challenging his revocation. Petitioner did not file a PDR. His conviction therefore became final on January 24, 2011, when the time for filing a PDR expired. *See Gonzales v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653-54 (2012) (stating the judgment becomes final at the expiration of the time for seeking direct review, regardless of when mandate issues); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (same). Petitioner then had one year, or until January 24, 2012, to file his § 2254 petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On May 22, 2012, Petitioner filed a state petition for writ of habeas corpus. This petition did not toll the limitations period, however, because it was filed after the one-year limitations period expired. Even if it had been filed prior to the AEDPA limitations date, it would not have tolled the limitations period because it was dismissed for failure to comply with the Texas appellate rules. It therefore was not "properly filed" within the meaning of § 2244(d). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings).

Petitioner was required to file his petition by January 24, 2012. He did not file his

---

collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**           Page -4-

petition until April 1, 2016.  His petition is therefore untimely.

**B.  Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here Petitioner claims that multiple prison transfers prevented him from having access to documents, and that prison policies on law library access and his custody classifications prevented his timely filing.  Petitioner, however, has failed to state when he was transferred, denied access to the law library, or prevented from accessing any necessary documents.  For equitable tolling to apply, the applicant must show he diligently pursued habeas corpus relief.  *See Coleman,* 184 F.3d at 402 (5th Cir. 1999).  In this case, Petitioner filed his petition over four years after the limitations period expired.  Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling.

**III.  Recommendation**

The Court recommends that the petition for a writ of habeas corpus be dismissed with

prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 10th day of May, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -6-

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).